795 F.2d 8
 Lee STERLING and Thomas LaPiana, Plaintiffs-Appellants,
Housing Council of New York, Inc., Plaintiff-Intervenor-Appellant,
v.
ENVIRONMENTAL CONTROL BOARD OF the CITY OF NEW YORK and the
City of New York, Defendants-Appellees.
 Docket 85-7229.
 United States Court of Appeals,
Second Circuit.
 July 7, 1986.
 ON PETITION FOR REHEARING
 
 1
 Before NEWMAN and WINTER, Circuit Judges, and COFFRIN,* District judge.
 
 
 2
 Appellees suggest that we may have overlooked [appellees'] argument ... that a significant number of multiple dwellings have a resident janitor or superintendent on the premises who, unlike a tenant, may be reasonably expected to look after their employer's interests by forwarding the notice of violation to him. Since superintendents would be actively engaged in their duties at the premises during the same business hours when the SEA would post the notice, and, in most instances, are actual residents of the building, the likelihood of the janitor or superintendent seeing a notice affixed to the front door ... is very great.
 
 
 3
 Appellees' Petition for Rehearing at 2. Appellees also bring to our attention, for the first time, provisions of the Administrative Code of the City of New York, Section D26-22.03 (Williams Press 1977, vol. 4 at 474 & Supp. 1985-1986 at 166), requiring owners of a multiple dwelling with nine or more units to provide full-time janitorial services.
 
 
 4
 We believe appellees' argument to be without merit. The magistrate specifically found that "in New York City, paper notices affixed to [multiple dwellings] have a very short life span, regardless of whether they are affixed out of the reach of small children." The presence of a janitor or superintendent somewhere in the building, therefore, only marginally improves the chances that a landlord will receive the "nailed" summons. Moreover, the newly-cited ordinance requires only that a janitor live in the same block, albeit the owners must maintain in each building a sign with the janitor's name, address and telephone number.
 
 
 5
 Appellees' argument might carry weight had the provisions for nail and mail service provided, as they might easily have done, that the "nailed" summons be given directly to the superintendent or the janitor in a multiple dwelling. It contained no such requirement, however. Instead, it left it to chance that such a person would happen upon the "nailed" summons during its "very short life span."
 
 
 6
 The petition for rehearing is therefore denied.
 
 
 
 *
 The Hon. Albert W. Coffrin, Judge, District of Vermont, sitting by designation